# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRIFFIN HEALTH SERVICES CORPORATION D/B/A GRIFFIN HOSPITAL; GRIFFIN HOSPITAL<br><br>    *Plaintiffs*,<br><br>v.<br><br>NOVO NORDISK, INC.,<br><br>    *Defendants*. | Civil Action No. 3:24-CV-01045-JCH |

## FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

Caption of Case:    Griffin Health Services Corporation d/b/a Griffin Hospital

and Griffin Hospital, Plaintiffs

Novo Nordisk Inc., Defendant

Date Complaint Filed:    May 13, 2024

Date Complaint Served:    May 16, 2024

Date of Defendant's Appearance:    June 13, 2024

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September 9, 2024 and September 26, 2024. The participants were:

    David Robertson (Plaintiffs)

    Matthew Sconziano (Plaintiffs)

    Chris Campbell (Defendant)

    Emily Marshall (Defendant)

I.      **Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction**

   A.     **Subject Matter Jurisdiction**

This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1441(a) and 28 U.S.C. § 1332 because complete diversity exists among the Parties and the amount in controversy exceeds $75,000.

   B.     **Personal Jurisdiction**

The Parties do not contest personal jurisdiction.

III.    **Brief Description of Case**

   A.     **Claims of Plaintiffs:**

Plaintiffs allege that the defendant designed, manufactured, packaged, distributed, marketed and sold multi-dose insulin pens. Griffin Hospital began using defendant's insulin pens in 2008. Between 2008 – 2014 the defendant knew or should have known of a number incidents in which the insulin pens were used on multiple patients at several healthcare institutions. This practice potentially exposed patients to blood-borne diseases. It is alleged that despite knowing of the potential dangers defendant failed to issue the necessary notice or warnings to plaintiff and failed to correct the defective and unsafe design of the insulin pens to include a warning directly on the device that it was intended for single patient use only. It is further alleged that the defendant failed

to provide proper training and instructions for the safe use of insulin pens to plaintiff's hospital staff. Plaintiffs allege that due to the defendant's conduct hospital staff administered insulin to multiple patients using the insulin pens thereby exposing patients to possible blood-borne disease transmission. As a result, plaintiff was the subject of a class action lawsuit by its patients, was the subject of several state and federal investigations and provided infection testing to patients all to its financial detriment. In 2015 the FDA issued a regulation requiring defendant to place a warning label directly on the insulin pen advising users that the device was for "single patient only."

Plaintiffs have filed a multi-count complaint asserting causes of action in Negligence, Breach of Implied Warranty, Products Liability, Indemnification, Negligent Misrepresentation, Fraudulent Misrepresentation, Gross Negligence/Willful Misconduct/Recklessness, and Incidental and Consequential Damages.

**C.     Defenses and Claims of Defendant:**

Plaintiffs allege that Defendant failed to warn its Hospital staff not to share insulin pens among patients. Plaintiffs make this claim, even though Defendant provided these exact warnings to Plaintiffs repeatedly in the insulin pens Patient Insert, Instructions for Use, and carton labeling which said that the pens ***must not be shared***. In addition to repeated warnings from Defendant, Plaintiffs also received and ignored similar warnings from the Food and Drug Administration ("FDA"), the Centers for Disease Control and Prevention ("CDC"), and others.

Despite receiving and ignoring these repeated warnings, the Hospital's staff shared insulin pens among over 3,100 patients from September 2008 to May 7, 2014. This resulted in a class action lawsuit against the Hospital by patients, who accused the Hospital of failing to heed warnings from Defendant. After Plaintiff settled that case for $1 million, it is now suing Defendant (Novo Nordisk). All causes of action in Plaintiffs' Complaint are based upon the argument that Defendant failed to

warn Plaintiffs of the dangers inherent in reusing the insulin pens on multiple patients. This infers that the Plaintiffs were never warned not to share the pens with multiple patients, which is patently false. To indemnify Plaintiffs for failing to heed multiple warnings that the insulin pens should not be shared would amount to nothing more than an award for Plaintiffs' own negligent conduct.

Additionally, Plaintiffs' claims for negligence, gross negligence, and under the Connecticut Product Liability Act all fail because such claims require a personal injury or damage to property, and Plaintiffs' only alleged damages are for commercial losses. Furthermore, there is no basis for punitive damages because Plaintiffs cannot establish that Defendant's conduct meets the high bar of reckless behavior. Plaintiffs were *consistently* and *repeatedly* warned not to use an insulin pen on more than one patient, not only by Defendant, but also through multiple warnings issued by government and public health agencies. Moreover, punitive damages are unfounded because Plaintiffs' damages arise from their own negligent conduct.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

Plaintiffs purchased multi-dose insulin pens and cartridges that were designed, manufactured, packaged, marketed, sold and distributed by Defendant between January 1, 2008 and May 16, 2014. A reusable insulin pen is an injection device which is used to deliver multiple doses of insulin from a preloaded replaceable cartridge by way of a sterile needle, which is disposed of after each dose. A new sterile needle is used for each dose. Plaintiffs began using the insulin pens manufactured by Defendant in September 2008 and continued using them through 2014. During this time period, Defendant provided on-site training sessions to Hospital personnel in the use of the insulin pens including September 2008, September 2010, October 2010, and

March 2014. Around March 2009, the FDA issued a warning, advising that each insulin pen is intended for single patient use only. From approximately September 2008 through approximately May 7, 2014, the Hospital reused insulin pens manufactured by Defendant on multiple patients.

On March 1, 2013, a class action lawsuit was commenced in the matter of *Nolan v. Olean General Hospital*, et al in the New York Supreme Court. On or about February 25, 2015, the FDA issued a regulation requiring Defendant to place a warning label on each insulin pen for "single patient use only." In December 2015, a class action lawsuit was commenced against Griffin Hospital in the matter of *Anthony Diaz, et al v. Griffin Health Services Corporation*, et al, Docket No. (X10) UWY-CV-15-6029965-S, in the Waterbury Superior Court of Connecticut. The Connecticut Department of Public Health conducted an investigation regarding the Hospital's reuse of insulin pens on multiple patients. In approximately February of 2024, plaintiff settled the claims asserted in the *Diaz* class action suit for the sum of $1 million.

V.      **Case Management Plan:**

    A.      **Initial Disclosures**

Initial disclosures will be served by November 15, 2024.

    B.      **Scheduling Conference**

        1.      The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

        2.      The plaintiff prefers that a scheduling conference, if held, be conducted in person. The defendant prefers that any scheduling conferenced be conducted by telephone.

    C.      **Early Settlement Conference**

1.      The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.      The plaintiff requests an early settlement conference. The defendant does not believe that an early settlement conference would be beneficial.

3.      If a settlement conference is held plaintiff prefers that it be scheduled with either a magistrate or the presiding judge. The defendant prefers that any settlement conference be held before the presiding judge.

4.      The plaintiff would be amenable to a referral for non-binding alternative dispute resolution. The defendant does not request a referral to non-binding ADR pursuant to D. Conn. L. Civ. R. 16.

**C.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiffs should be allowed until January 15, 2025 to file motions to join additional parties and until January 15, 2025 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.      Defendant should be allowed until January 15, 2025 to file motions to join additional parties and until March 1, 2025 to file a response to the amended complaint. Motions

filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.    Discovery**

1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiffs' Position:    None at this time

Defendant's Position: None at this time.

2. The parties anticipate that discovery will be needed on the following subjects:

Plaintiffs:

- Internal documents and materials related to defendant's research, development, design, manufacturing, packaging, marketing, sales and distribution of their insulin pens
- Internal documents and materials related to any written instructions, warnings, training information and teaching materials for the use of their insulin pens
- Internal documents and materials related to any product inserts, packaging materials, warning labels and/or instruction labels for the insulin pens
- Any and all marketing materials created for sale of the insulin pens
- Any and all materials related to the initial design and engineering of the insulin pens including prototypes and alternative designs. Any and all materials created by the

- defendant or their representatives concerning the education and training in the use of insulin pens
- The results of any and all internal safety tests performed by the defendant regarding the use of the insulin pen
- Any and all communications between the defendant and any Federal or State regulatory agency (including but not limited to the FDA and the CDC) concerning regulation of the insulin pens
- Any and all communications between the defendant and any Federal or State agency concerning any investigation of the insulin pens
- A list of any and all claims and lawsuits involving the use of the insulin pens in which defendant was a party
- Defendant's personnel involved in the design, manufacturing, packaging, marketing, selling and distribution of the insulin pens
- Defendant's knowledge of any safety incidents involving the use of the insulin pens
- Defendant's policies and procedures regarding the training of hospital staff and personnel related to the use of insulin pens

Defendant:

- Hospital personnel and staff use of insulin pens
- Lawsuits cited by Plaintiffs in the Complaint
- Connecticut Department of Public Health's investigation of Hospital's use of insulin pens
- Hospital protocols, procedures, and methods for communicating warnings to personnel and hospital staff

- Plaintiffs' knowledge of warnings involving the use of multi-dose insulin pens
- Plaintiffs' policies and procedures regarding the training of hospital staff and personnel related to the use of multi-dose insulin pens
- Plaintiffs' investigation involving Hospital staff use of insulin pens on multiple patients
- Costs associated with identifying and advising patients, and testing and treatment of patients who were exposed to insulin pens that were used on more than one patient
- Plaintiffs' claims that the insulin pens at issue did not work as intended
- Plaintiffs' claims that the insulin pens are defective when used according to the warnings and labeling
- Plaintiffs' claim regarding indemnification
- Plaintiffs' claim regarding punitive damages

    3.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 28, 2025 and completed by July 15, 2026.

    4.    Discovery will be conducted in the following order and phases: a) Exchange of written materials; b) Depositions of Fact Witnesses; c) Expert Discovery.

    5.    The parties anticipate that the Plaintiffs will require a total of 10-15 depositions of fact witnesses and that the Defendant will require a total of seven (7) depositions of fact witnesses. The depositions will commence by May 28, 2025 and be completed by September 28, 2025.

    6.    The parties reserve the right to request permission to serve more than 25 interrogatories.

    7.    Plaintiffs intend to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

8. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues by November 15, 2025 (Plaintiffs) and March 15, 2026 (Defendant). Depositions of any such experts will be completed by February 15, 2026 (Plaintiffs) and May 28, 2026 (Defendant).

9. A damages analysis will be provided by Plaintiffs by March 30, 2025.

10. Undersigned counsel have begun to meet and confer regarding reasonable and proportionate steps taken to preserve evidence consistent with the Federal Rules. The Parties will exchange proposed stipulated preservation and ESI orders and protocols and will continue to meet and confer on these topics. The Parties are complying in good faith with the Federal Rules as they relate to preservation of evidence.

11. Undersigned counsel have begun to discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties will exchange proposed stipulated Protective Orders and will continue to meet and confer on these topics.

**F.     Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:

None.

**G.     Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before August 15, 2026.

**H.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in

Civil Cases will be filed by September 15, 2026.

## VI. TRIAL READINESS

The case will be ready for trial by October 15, 2026.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs

By:   */s/ Matthew M. Sconziano*
      David J. Robertson &
      Matthew M. Sconziano, Esq.

Date: September 26, 2024

Defendant

By:   */s/ Emily Marshall*
      Christopher G. Campbell
      Emily Marshall

Date: September 26, 2024