**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GRIFFIN HEALTH SERVICES CORPORATION D/B/A GRIFFIN HOSPITAL; GRIFFIN HOSPITAL<br><br>        *Plaintiffs*,<br>v.<br><br>NOVO NORDISK INC.,<br><br>        *Defendants*. | Civil Action No. 3:24-CV-01045-JCH<br><br><br>August 4, 2025 |

**OBJECTION TO MOTION TO COMPEL**

The plaintiffs (Griffin) hereby object to the defendant's (Novo Nordisk's) Motion to Compel.  The plaintiffs object because they have responded to the defendant's discovery requests and because many of the requests at issue are overly broad and unduly burdensome.  In some cases they seek statutorily protected information.  The plaintiff has provided responsive answers and documents, but the defendant has been unwilling to accept the responses.  The amount of discovery that has been served, combined with defense counsel's continuing complaints that the responses are insufficient have made responding to discovery needlessly protracted and difficult. The plaintiff has done their best to be responsive.  They have engaged in a number of meet and confer sessions, but it seems there is little that will satisfy the defendant that the materials have been provided.

A.    **Facts and Procedural Background**

The plaintiffs' claims in this action sound in violations of the Connecticut Products Liability Act Conn. Gen. Sec. 52-572m (CPLA).  Pursuant to an earlier ruling by the court, the plaintiff has pled several subclaims under the CPLA cause of action sounding in misrepresentation, indemnification and breach of warranty of merchantability.  The claims arise out of the defendant's

1

sale to the plaintiff of multi-dose insulin pens from 2008 to 2014.  In addition to selling the pens to the plaintiffs, the defendant also provided training on their use.

When the insulin pens are used in treatment, a new disposable needle must be utilized with each use.  The body of the pen contains an insulin reservoir that remains available for multiple insulin injections.  At the base of the plaintiffs' negligent design claim is the fact that the reservoir of insulin has the potential for becoming contaminated with each use.  Rather than using a one way valve, the valve that was used can allow skin and blood to potentially flow back into the reservoir. The plaintiffs claim that this fact was not adequately disclosed in the training, nor were the pens labeled, on the pens themselves, "for single patient use only".  In an institutional setting the packaging that the defendant continues to point to does not remain with the insulin pen.  In May of 2014 Griffin discovered that some of the pens had been used on multiple patients.  Due to the potential exposure to patients, Griffin disclosed this circumstance to the public in a press conference and then proceeded to notify all of the patients who it believed may have been exposed. Griffin incurred expenses to identify potentially exposed patients and to treat any patients who sought such care.  Additionally, Griffin was sued in a class action that was eventually settled. Griffin has sought to recoup the losses it has suffered which it claims arose from the defendant's negligence in the design and manufacturing of its insulin pens, as well as the harm to its reputation from what had occurred.

So far, the defendant has filed three motions to dismiss.  The first, which attacked the plaintiffs' causes of action in its complaint, was granted in part and the court allowed the plaintiff to re-plead most of its causes of action.  After the plaintiff filed its Second Amended complaint on February 24, 2025, two weeks later on March 10, 2025, the defendant filed a motion to dismiss the Second Amended Complaint. On March 31, 2025 the plaintiffs opposed the defendant's motion

to dismiss.  On April 14, 2025 the defendant file a reply.  The defendant's Second Motion to Dismiss remains pending.  On June 3, 2025 the defendant filed its third Motion to Dismiss this time claiming that the plaintiffs' case should be dismissed as a sanction pursuant to Rule 11.  On June 23, 2025 the plaintiffs filed their objection to that Motion to Dismiss.  The defendant filed a reply on July 7, 2025.  The defendant's third Motion to Dismiss remains pending.

1.    **The _Diaz_ Case**

The case of *Anthony Diaz v. Griffin Health Services,* UWY-CV15-6029965-S is the class action that was instituted by the class of plaintiffs in which those plaintiffs claimed that they were harmed at Griffin Hospital through the use of the Novo Nordisk insulin pens.  In *Diaz*, the plaintiffs were critical of the hospital and its personnel for allowing the potential injuries, through the contaminated pens, to occur.  The attorneys who represented the hospital attempted to defend the class action plaintiffs' claims.  A continuing issue in this case has been that Novo Nordisk has attempted to place itself into the role of the class plaintiffs in *Diaz* using their arguments to criticize the hospital for its care. By doing so, the defendant seeks to ignore the actual allegations made against it in this case that its training and the insulin pens that it produced were the cause of Griffin's loss.  This has occurred many times and is a constant source of the defendant's attempts to re-cast discovery requests or responses as though they are governed by the terms of the *Diaz* case.  A direct example of this would be the defendant's claim that the response to interrogatory 3, which seeks the documents related to training for the use of insulin pens.  Griffin provided a response referring to the training and materials that it had in its possession from Novo Nordisk that were used in training its staff.  Novo Nordisk, relying on issues raised in *Diaz*, claims instead that the response should include other information about medication administration and other policies. Griffin has provided the material including the discovery and depositions from *Diaz*, but the

defendant claims to remain unsatisfied.   The plaintiff has complied with the discovery by producing the documents that it has.

Based on issues like the one above, the defendant has continually refused the plaintiffs' assertions that its responses to various discovery requests are complete.

**2.        The Defendant's Requests Have Been Excessive**

The defendant has filed five sets of production requests with 92 requests.  It has served five sets of requests for admissions with 106 requests.  It has served 21 interrogatories. It subpoenaed the files of two law firms who previously represented the plaintiff.  While the plaintiffs have tried to keep up with the continuing barrage of the discovery, it is clear that the defendant is not only continuing to file discovery request after discovery request, it is additionally challenging the responses that the plaintiff has given to the discovery requests.  Each response is met with a letter claiming that the response was insufficient.  In counsel's view this has all been a part of a plan to overwhelm plaintiffs' counsel with discovery requests, challenges to the discovery responses that have been given and motions to dismiss the complaint.

**B.     Argument**

 **1.     First Set of Discovery**

Plaintiff's counsel has repeatedly advised defense counsel that the responses provided are complete.  The plaintiffs have provided the training materials.  All documents that are available have been provided for the instructions and packaging in production requests 4 and 6.  The testing information has not been located.  The plaintiff has no additional damage information at this time.

The defendant cites as an example production request 11.  In its response the plaintiff set forth the problem with the request.  The request is so broad as to be entirely unclear as to what the defendant is seeking.  It could encompass anything from medical records of patients to any

document that addresses insulin pens.  The objection was not unsupported; it explained why the request was far too broad to be responded to.  The defendant modified the request seeking policies and procedures.  The plaintiff produced the applicable hospital policies.

The defendant also complains about redactions, but the plaintiff has not redacted any of the documents.  The documents produced in discovery came from other sources, such as the Connecticut Department of Public Health and had been redacted by the source.  Plaintiffs' counsel has explained that, but the defendant persists in claiming that the plaintiffs are deficient in their response because they have produced redacted information.

 2.      **Second Set of Requests For Production**

The plaintiff responded with the documents that it has to the defendant's first set of discovery.  The policies concerning Medicine Administration, Infection Control and Unit Dose Policy Distribution System were produced.  The plaintiffs produced the information, including depositions from the *Diaz* case that addressed the policies.  The plaintiffs have nothing else to produce.  The defendant is simply unwilling to accept the response.  These are the responsive documents.  The defendant responded to discovery in the same way producing documents.  The response is complete.

3.      **Third Set of Requests for Production**

The materials related to this claim were produced in response to the first set of discovery.  Those are the documents the plaintiff has.  They relate to the *Diaz* case, the state investigation, correspondence about the underlying claim, letters from counsel detailing the losses.  All of it was produced to the defendant.  The defendant then subpoenaed the legal files of plaintiff's counsel related to the matter and additional information in possession of the law firms was disclosed.  The

plaintiff is not preventing the defendant from discovering issues related to the claims and the damages.

For production request 70, the defendant did not request dates of employment, it requested *documents* from the personnel records. Conn. Gen. Stat. Sec. 31-128f allows an employer to provide "verification of dates of employment and the employee's title or position and wage or salary . . ." without the employee's written authorization. It is well understood that when credit or similar applications are made an employer can *verify* employment information that an employee has provided. That, however, is different than providing information to a third party about employment without an employee's authorization. The plaintiff has a statutory duty to protect personnel information.

### 4.    Prior Requests

The defendant claims that the response to the second set of interrogatories is past due. The plaintiff responded with the names of the nurses. As set forth above the plaintiff is prohibited from providing personnel information by the provisions of Conn. Gen. Stat. Sec. 38-128f.

The other requests will be addressed.

### 5.    Depositions

To date the defendant has deposed Kelly Egan, R.N. and Ann Marie Evans, R.N. Pat Charmel, who is the CEO of the hospital, is scheduled for September 25. Kathleen Martin is scheduled for August 26. Lisa Jaser will be scheduled as soon as possible. She is the hospital's pharmacy director, but has had to deal with several issues that have recently come up requiring her to provide more time to shift coverage. Nurse Zaleha and Nurse Miklus are former employees. The plaintiff will pursue making them available, but does not have immediate access to them.

### C.    Conclusion

Based on the foregoing, the defendant's claims that the plaintiff violated Rule 11 in the manner in which it has pled its complaint is wholly without merit. As a result, its motion should be denied.

<div style="margin-left: 40%">

THE PLAINTIFFS
GRIFFIN HEALTH SERVICES CORPORATION
AND GRIFFIN HOSPITAL

　　　　/s/ CT 03674

By:　　_____

DAVID J. ROBERTSON (CT 03674)
HEIDELL, PITTONI, MURPHY & BACH, LLP
6 Corporate Drive, Ste 840
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: drobertson@hpmb.com

</div>

## CERTIFICATE OF SERVICE

The undersigned counsel for the plaintiffs hereby certifies that on this 4th day of August 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ CT 03674

_____

DAVID J. ROBERTSON (CT 03674)
HEIDELL, PITTONI, MURPHY
    & BACH, LLP
6 Corporate Drive, Ste 840
Shelton, CT 06484
Telephone: 203-382-9700
Facsimile: 203-382-9730
E-mail: drobertson@hpmb.com

8