**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GRIFFIN HEALTH SERVICES CORP.,
ET AL                                                                :        CIVIL CASE NO.
     Plaintiff,                                               :        3:24-CV-1045 (JCH)
                                                                :
                                                                :
v.                                                                   :
                                                                :
NOVO NORDISK INC.,                                      :        JULY 24, 2026
     Defendant.                                             :

**RULING ON DEFENDANT'S MOTION TO STRIKE REPORT AND TESTIMONY OF EXPERT GERALD GOLDHABER[1] AND FOR RENEWAL OF MOTION FOR SUMMARY JUDGMENT (DOC. NO. 130)**

## I.      INTRODUCTION

Defendant Novo Nordisk Inc. ("Novo Nordisk") moves to strike the expert Report and testimony of Dr. Gerald Goldhaber, the expert witness disclosed by the plaintiffs, Griffin Health Services and Griffin Hospital (together "Griffin"). Novo Nordisk also moves for renewal of its Motion for Summary Judgment. See Defendant's Motion to Strike Report and Testimony of Expert Gerald Goldhaber and for Renewal of Motion for Summary Judgment ("Motion to Strike") (Doc. No. 130). Griffin filed their Opposition to this Motion. See Plaintiffs' Objection to Defendant's Motion to Strike Expert Testimony and Renewal of its Motion for Summary Judgment ("Pltf's Opp'n") (Doc. No. 134). Novo Nordisk replied in support of its Motion. See Defendant Novo Nordisk Inc.'s Reply in Support of Motion to Strike Report and Testimony of Expert Goldhaber and for Renewal of Novo Nordisk's Motion for Summary Judgment ("Def's Reply") (Doc. No. 138).

---

[1] Because trial has not commenced, the court will construe the Motion as one to "Preclude" the expert's report and trial testimony.

1

For the reasons set forth, the court denies the Motion to Strike and Motion to Renew the Motion for Summary Judgment.[2]

## II.    BACKGROUND

The parties are familiar with the facts of this case, but the court will recount the history relevant to this Motion.  On October 1, 2024, the court issued a Scheduling Order with a May 1, 2025, deadline for Griffin to disclose their expert witnesses.  See Doc. No. 42.  That deadline passed and, on November 26, 2025, Griffin filed their Motion seeking additional time to disclose an expert witness.  See Doc. No. 111.  Griffin argued that good cause existed because Griffin was uncertain whether the case would proceed past dismissal and did not want to incur more costs for the expert witness.  Id. Further, recently completed fact discovery needed to be disclosed to the expert to provide a full and complete report.  Id.

After multiple amended complaints and subsequent motions to dismiss, Novo Nordisk had withdrawn its third, and last, Motion to Dismiss.  See Doc. No. 106.  At that point, expecting that an expert would be needed for a summary judgment motion, Griffin requested an extension of time to disclose their expert.  See Motion for Extension of Time (Doc. No. 111); Pltf's Opp'n at 3.  Nevertheless, while the Motion to Extend was pending, Novo Nordisk filed its Motion for Summary Judgment five days after the Motion for Extension of Time had been filed.  Id.  Novo Nordisk also opposed the Motion for

_____

[2] As a preliminary matter, the court notes that the instant Motion is in effect a motion to strike, to preclude, and for renewal of a motion for summary judgment.  As discussed below, there is little discussion as to any applicable Rules or case law supporting the Motion to Strike an expert.  Additionally, because summary judgment has not been ruled upon and had not been at the time the instant Motion (Doc. No. 130) was filed, it appears odd to this court for a party to seek "renewal" of such a motion.

Extension of Time on December 16, 2025.  <u>See</u> Opposition to Motion to Extend (Doc. No. 118).

This court considered a number of factors in its decision to grant the Motion to Extend including, but not limited to, the prolonged time period of motion practice which had taken up much of the litigation to date, the fact that fact discovery had proceeded and was complete, as well as a lack of a trial date at the time the Motion to Extend was filed.  The court exercised its discretion and granted the extension over all of Novo Nordisk's objections.  <u>See</u> Order (Doc. No. 119).  Dr. Goldhaber was then timely disclosed by Griffin as an expert witness on December 26, 2025.  <u>See</u> <u>generally</u> Doc. No. 130.  In January 2026, the court entered a modified scheduling order, stipulated to by the parties, providing Novo Nordisk a full and fair opportunity to depose Dr. Goldhaber.  <u>See</u> Order (Doc. No. 129).

Dr. Goldhaber was deposed on February 12, 2026; Novo Nordisk then filed the pending Motion to Strike.  <u>See</u> Motion to Strike (Doc. No. 130).  Novo Nordisk argues that the court should set aside its December grant of extension of time, strike Dr. Goldhaber's Report and expert testimony, and consider the Motion for Summary Judgment in light of the lack of expert disclosure.  <u>Id</u>.

## III.    LEGAL STANDARD

Federal Rule of Evidence 702 allows for expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied principles and methods to the facts of the case."  <u>See</u> Fed. R. Evid. 702.

To introduce expert testimony at trial, its proponent has the burden of demonstrating by a preponderance of the evidence that the testimony is competent, relevant, and reliable.  See Izzarelli v. R.J. Reynolds Tobacco Co., 806 F. Supp. 2d 516, 531 (D. Conn. 2011) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 n.10 (1993)), aff'd in part, vacated in part on other grounds, 701 F. App'x 26 (2d Cir. 2017) (summary order).  The court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  See Daubert, 509 U.S. at 597.

## IV.    DISCUSSION

As a preliminary matter, Novo Nordisk does not cite any legal analysis regarding the expert's qualifications or testimony in its Motion to Strike, which Motion reads as a motion to preclude.  See, generally, Motion to Strike at 5-10.  More importantly, while its Motion is addressed to an expert, Novo Nordisk makes no argument based on Daubert, its related case law, or the Federal Rules of Civil Procedure, in particular Rule 702, as might be expected in a motion to preclude or to strike.[3]  Instead, Novo Nordisk attacks Griffin's counsel and the court's grant of Griffin's Motion to Extend.  Id.   Much of the contents of Novo Nordisk's Motion to Strike re-argues its opposition to the court's decision to extend Griffin's expert disclosure deadline.  See, generally, Motion to Strike at 4-6.  The court is inclined to deny Novo Nordisk's Motion to Strike solely on the ground that it is nothing more than an untimely motion to reconsider.  See Local Rule 7(c) (motions for reconsideration).  Novo Nordisk's Memorandum is a reiteration of

---

[3] The court will not address the Daubert standards as articulated by the Second Circuit, see Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 264-265 (2d Cir. 2002), because Novo Nordisk has not made a Motion to "Strike" or Preclude the expert based on the Daubert, or Rule 702, requirements.  See, generally, Mot. to Strike at i, iii.

4

arguments already ruled on.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that the major grounds for reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice).   However, and despite this, the court will consider the Motion on its merits.

Novo Nordisk makes four arguments in its current Motion.  The court will, for the sake of thoroughness, examine each of them.[4]

A.  Griffin Did Not Make Misstatements

First, Novo Nordisk argues that Griffin's misstatements to the court warrant striking their late-disclosed expert report and testimony.  Specifically, Novo Nordisk argues that Griffin's Motion for Extension relied "wholly on the incorrect representation" that Griffin (1) delayed retaining an expert in order to save money; and (2) needed more time to provide case materials necessary for an expert to develop his opinion.  See Motion to Strike at 2, 7-8.

Novo Nordisk cites a significant number of cases in support of its Motion to Strike that it had already cited to the court in its Opposition to the Motion for an Extension of Time to disclose Griffin's expert.  See Novo Nordisk Opposition to Motion for Extension of Time (Doc. No. 118).  For example, Novo Nordisk cites Cook v. Phillips, No. 3:19-cv-01982 (MPS), 2021 U.S. Dist. LEXIS 209110 (D. Conn. Oct. 29, 2021); McDaniel v. Town of Enfield, 227 F. Supp. 3d 195 (D. Conn. 2016); Mindling v. Stiegler, No. 22-2711-cv, 2023 U.S. App. LEXIS 31750 (2d Cir. Dec. 1, 2023); Parker v. Columbia

---

[4] Large sections of the Motion to Strike appear to be directly copied from Novo Nordisk's Opposition to the Motion to Extend.  Compare, generally, Opposition to Motion to Extend (Doc. No. 118), and Motion to Strike (Doc. No. 130).  Additionally, it bears noting that Novo Nordisk makes no argument this court abused its discretion in granting the extension.  See, generally, Motion to Strike (Doc. No. 130).

Pictures Indus., 204 F.3d 326 (2d Cir. 2000); and Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251 (W.D.N.Y. 2012).  All these cases were cited as support for the same argument made in the Opposition to the Motion to Extend, which this court has already rejected.  See generally Order Re: Motion to Extend (Doc. No. 119); Motion to Strike at 8-14 (Doc. No. 130); Opposition to Motion to Extend (Doc. No. 118).  Novo Nordisk has added some new cases; however, none of them add any persuasive support to Novo Nordisk's position or involve new rulings or changes in the law.[5] Moreover, Novo Nordisk does not point to any case which this court overlooked or to changes in the law since the court granted the Motion to Extend.

The facts already considered and ruled upon by this court in its Ruling on the Motion for Extension of Time involved an expert who had done some consulting during the case prior to the original deadlines and during the time period of the filing and pendency of multiple dispositive motions.  See, generally, Order Granting Motion for Extension of Time (Doc. No. 119).  The crux of Novo Nordisk's argument is that Dr. Goldhaber was first contacted more than a year before the disclosure deadline, he was retained and paid, and he completed part of his work prior to the Motion to Extend filed in December 2025.  See Motion to Strike at 8.

Supported by Dr. Goldhaber's testimony, Griffin explains that, in order to have Dr. Goldhaber available to consult on the case, he had to be paid a retainer.  See Pltf's Opp'n at 5.  Additionally, he was provided with information as part of that consultation, and prepared work ups for calls with counsel.  Id.  It is not surprising that material from

---

[5] Novo Nordisk relies on Grochowski v. Phoenix Constr., 318 F.3d 80 (2d Cir. 2003) and Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007), neither of which are new or provide any better support for Novo Nordisk's Motion to Strike or support for re-examining the court's decision to extend the deadline.

Dr. Goldhaber's initial formulation went into his final Report: the fact that part of his notes and opinions from consulting appeared in his expert Report does not make the reasons for the extension false or prove lack of good cause.

As reviewed in the timeline above, there were multiple motions to dismiss and amended complaints throughout 2025.  On November 26, 2025, after Novo Nordisk withdrew its third Motion to Dismiss, Griffin's counsel sought 30 days to disclose an expert.  See Pltf's Opp'n at 6.  That day, Novo Nordisk filed an intention to oppose the extension of time and requested until December 17 to do so.  Id.; see also Doc. No. 112.  On December 1, 2025, Novo Nordisk then filed a Motion for Summary Judgment.  See Motion for Summary Judgment by Novo Nordisk (Doc. No. 113).  On December 18, 2025, the court granted the extension of time to disclose the expert witness.  Subsequently, Griffin's counsel reported they communicated with Dr. Goldhaber to prepare a report that Dr. Goldhaber would disclose before the extended-to-December 26 deadline.  See Pltf's Opp'n at 7.  Dr. Goldhaber reviewed some additional depositions, based on his wish to review all depositions before his own deposition, which resulted in an additional cost to Griffin's counsel.  Id.  Griffin asserts it incurred significant costs (around $21,000) on the expert Report after the court granted an extension of time.  Id. at 9.

Novo Nordisk cites nothing in support of its position that, in making these representations to the court, Griffin in any way misled the court.  Novo Nordisk instead cites to Rule 60(b)(3), which provides fraud, misrepresentation, or misconduct as basis for relief from a final judgment, order, or proceeding.  See Mot. to Strike at 7-8; Fed. R. Civ. P. 60(b)(3).  There is nothing in the record before the court that supports in any way

7

that fraud or misrepresentation or misconduct has occurred as Novo Nordisk argues.[6]
Therefore, the Motion to Strike based on Griffin's alleged misrepresentation is denied.

B. Griffin Timely Sought an Extension

Second, Novo Nordisk argues that Griffin failed to timely seek an extension of their expert disclosure deadline without justification. The court granted Griffin's Motion for Extension of Time to Disclose an expert on December 18, 2025. Novo Nordisk was on notice that the court had a request before it to extend the expert disclosure date when Novo Nordisk decided to file a Motion for Summary Judgment that relies principally on the lack of an expert. The issue of whether the disclosure was timely was resolved when the court granted the Motion.

Novo Nordisk could have sought a reconsideration of the court's grant of the Motion to Extend within a week of its issuance. See Connecticut Local Rule 7(c) (motions for reconsideration shall be filed within seven days). Novo Nordisk did not timely submit a motion for reconsideration. This "Motion to Strike" is in effect a motion to reconsider the court's decision to grant Griffin an extension, which reconsideration is out of time. Id. Therefore, this argument is unpersuasive. See Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir.1964)) ("where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Novo Nordisk's Motion to Strike based on "undoing" the court's grant of Griffin's Motion to Extend is denied. The Motion to Strike based on Griffin's alleged baseless Motion to Extend is denied.

---

[6] The court advises Novo Nordisk's counsel that the court will not tolerate any further, unsubstantiated, character-questioning assertions against opposing counsel in this case.

### C.  Griffin Demonstrated Good Cause

Third, Novo Nordisk argues that Griffin failed to demonstrate good cause for the alleged delay in disclosing Griffin's expert witness.  Novo Nordisk adopts much of the same argument and evidence already discussed in subsections A and B, as well as in its Opposition to the Motion for Extension of Time.  See, supra, Part IV.A-B; Opposition to Motion for Extension of Time (Doc. No. 118).

To recap briefly, Dr. Goldhaber consulted on the case and was paid some money before the original May 1, 2025 deadline.  See Pltf's Opp'n at 21.  Motion practice occurred, and Griffin did not know if the case would be dismissed or survive.  Id. at 21-22.  So, while they did engage Dr. Goldhaber as a consultant expert, they did not disclose him because Griffin sought to avoid the further expense for the expert to write a Report in light of the various efforts of Novo Nordisk to dismiss their case.  Id.  Thus, Griffin had engaged an expert, but that expert did not have all the discovery material or a complete basis to form a trial opinion.  However, upon withdrawal of the last Motion to Dismiss filed by Novo Nordisk, and having sought and obtained an extension to file the expert disclosure, Griffin submitted a Rule 26(a) disclosure for their expert.  Id. at 21-22. Griffin incurred significant expert fees after the court Order granted the extension.  Id. at 22.

The court has already reviewed these facts when granting the Motion for Extension of Time.  The court found good cause.  Therefore, the Motion to Strike based on the argument of Griffin's alleged lack of good cause is denied, inter alia, on the merits and because it is essentially an untimely Motion to Reconsider.

9

D. <u>Griffin's Conduct is Not Prejudicial</u>

Fourth, Novo Nordisk argues that Griffin's conduct has caused substantial prejudice to Novo Nordisk. Novo Nordisk argues that the Motion for Extension of Time "was and continues to be prejudicial . . . and should not be permitted." <u>See</u> Motion to Strike at 12. Novo Nordisk alleges that Griffin's failure to disclose was a "deliberate strategy" apparently enticing Novo Nordisk to spend significant time and effort drafting its Motion for Summary Judgment. <u>Id</u>. Novo Nordisk argues that the Motion for Extension of Time rewarded Griffin, and required the parties to reopen discovery, which resulted in unnecessary expenses and delays, and required additional preparation. Thus, Novo Nordisk argues that "preclusion . . . is a proper use of this Court's discretion." <u>Id</u>. Novo Nordisk further requests the court to renew its Motion for Summary Judgment. <u>See</u> Def's Reply at 7.

Novo Nordisk chose to file its Motion for Summary Judgment after Griffin's Motion for Extension of Time was filed. <u>See</u>, <u>supra</u>, at Part IV.A. Indeed, Novo Nordisk provided notice of its intention to file an Opposition to the Motion for Extension of Time and asked the court to delay ruling on the Motion, <u>see</u> Doc. No. 112, only then to immediately file its Motion for Summary Judgment. Novo Nordisk chose to argue in substantial part that the summary judgment should be granted because Griffin had not disclosed an expert, despite knowing the circumstances of this case and being on notice of the pendency of a motion to extend time to disclose an expert report. Novo Nordisk's counsel has chosen to expend its resources in this very unproductive way.

The court sees no basis to "reward" Novo Nordisk's conduct by striking and otherwise allowing such "no expert" challenges to the expert Report. On January 21,

2026, the court granted a joint scheduling order to allow more time to complete expert discovery.  See Doc. No. 129.  The court will not go back in time to reassess and throw away that schedule.  Such an action would be prejudicial to Griffin.  The court's approval of the new schedule eliminated any prejudice to Novo Nordisk, except its own self-inflicted harm.  Novo Nordisk chose to file its Motions for Summary Judgment and to "Renew" despite possible pending expert disclosures.  Novo Nordisk now attempts to "renew" its Motion for Summary Judgment despite the fact that the pending summary judgment motion has not been acted upon.[7]  This action is improper.  See Fed. R. Civ. P. 50(b).

Thus, Novo Nordisk's Motion to Strike based on alleged prejudice is denied, and its Motion to Renew is denied.  The Motion for Summary Judgment (Doc. No. 113) remains pending.

## V.    CONCLUSION

Based on the above, the court denies the Motion to Strike.

Novo Nordisk moves for permission to "renew" its Motion for Summary Judgment.  The Motion for Summary Judgment (Doc. No. 113) is now and was pending when Novo Nordisk made this instant Motion to Renew.  The court denies the Motion to Renew its Motion for Summary Judgment as unnecessary.

---

[7] The court is aware that Novo Nordisk has also filed another Motion to Preclude Dr. Goldhaber's Testimony (See Doc. No. 144) and another Motion for Summary Judgment (See Doc. No. 145).  The court will address these separately.

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of July 2026.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge