**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GRIFFIN HEALTH SERVICES CORP.,
ET AL                                                          :          CIVIL CASE NO.
     Plaintiff,                                            :          3:24-CV-1045 (JCH)
                                                               :
                                                               :
v.                                                             :
                                                               :
                                                               :
NOVO NORDISK INC.                                              :          JULY 24, 2026
     Defendant.                                           :

**RULING ON DEFENDANT NOVO NORDISK INC.'S SECOND MOTION**
**FOR SUMMARY JUDGMENT (DOC. NO. 145)**

## I.      INTRODUCTION

This suit arises from Novo Nordisk's design, manufacture, and distribution of two

prefilled insulin delivery devices that Griffin Health Services Corporation and Griffin

Hospital (together "Griffin") used at its hospital.  Defendant Novo Nordisk Inc. ("Novo

Nordisk") filed a Second Motion for Summary Judgment on May 18, 2026.  The Motion

addressed all claims brought before this court by plaintiffs.  See Defendant Novo

Nordisk Inc.'s Motion for Summary Judgment ("Second Mot. S.J.") (Doc. No. 145).

Griffin filed an Opposition to the Motion.  See Plaintiff's Opposition to Defendant's

Motion for Summary Judgment ("Pltf's Opp'n") (Doc. No. 149).  Novo Nordisk filed a

Reply.  See Defendant Novo Nordisk's Reply Memorandum in Support of Motion for

Summary Judgment ("Reply") (Doc. No. 155).

For the reasons stated below, Novo Nordisk's Motion for Summary Judgment is

denied.

1

## II.     BACKGROUND[1]

The court is quite familiar with the background of this case, which it has already detailed in its Ruling on the (First) Motion for Summary Judgment (Doc. No. 161) and Ruling on Motion to Strike and to Renew Motion for Summary Judgment (Doc. No. 159). The court will briefly summarize the relevant history.

After multiple Amended Complaints and subsequent Motions to Dismiss, Novo Nordisk withdrew its last Motion to Dismiss on November 4, 2025. See Doc. No. 106. Expecting that an expert would be needed if Novo Nordisk filed a summary judgment motion, on November 26, 2025, Griffin requested an extension of time to disclose their expert. [2]  See Motion for Extension of Time (Doc. No. 111).  Griffin argued that good cause existed because they had been uncertain if the case would proceed past dismissal and did not want to incur further costs of preparation of an expert disclosure and report.  Id.  Recently completed fact discovery needed to be disclosed to the expert to provide a full and complete report.  Id.  Nevertheless, Novo Nordisk filed its Motion for Summary Judgment 5 days after the Motion to Extend had been filed, having informed

---

[1] The facts presented in this part of the court's Ruling are drawn from the parties' undisputed Statements of Fact, as presented in the Rule 56 Statements. See Doc. No. 126.  The court draws primarily from the parties' Local Rule 56(a) Statements in summarizing the undisputed material facts. In addition, for ease of reference, the court cites to the Griffin's Local Rule 56(a)(2) Statements where the parties agree because, in accordance with Local Rule 56(a)(2), the 56(a)(2) Statements contain a reproduction of each numbered paragraph from the Novo Nordisk's Local Rule 56(a)(1) Statement, as well as the nonmoving party's admissions and denials.  In addition, the court also relies on Griffin's Additional Statements of Facts when it has evidence cited in support.

In cases where Griffin denied some of a 56(a) Statement, the court reads the part not denied as admitted.  See, e.g., SOF at ¶ 9.  If the court finds Novo Nordisk has come forward with evidence in support of its Statement and Griffin has cited evidence to support their denial in part, the court has treated the Statement to reflect the partial denial.  If the denial or partial denial does not have evidence to support it, the court deems the Statement admitted in that regard.  See Connecticut Local Rule 56(a)(3).

[2] On October 1, 2024, the court issued a scheduling order with a May 1, 2025, deadline for Griffin to disclose their expert witnesses.  See Scheduling Order (Doc. No. 42).  That deadline passed.

the court of its intention to file an opposition to the Motion to Extend.  Id.; Notice by

Novo Nordisk Intent to Respond to Motion for Extension of Time (Doc. No. 112).

Novo Nordisk opposed the Motion for Extension of Time.  See Doc. No. 118.

The court exercised its discretion and granted the extension over all of Novo Nordisk's

objections.  See Order (Doc. No. 119).  Novo Nordisk acknowledges Dr. Goldhaber was

disclosed timely to all parties as an expert witness by December 24, 2025, and before

the December 26 deadline.  See Mot. to Strike at 1.  In January 2026, the court entered

a modified scheduling order providing Novo Nordisk an opportunity to depose Dr.

Goldhaber.  See Order (Doc. No. 129).

Dr. Goldhaber was deposed on February 12, 2026; Novo Nordisk then filed its

Motion to Strike.  See Motion to Strike (Doc. No. 130).  Novo Nordisk argued that the

court should set aside its December extension of time, strike Dr. Goldhaber's Report

and expert testimony, and consider the Motion for Summary Judgment in light of the

lack of expert disclosure.  Id.

The court denied the Motion to Strike.  See Ruling on Motion to Strike (Doc. No.

159).  The court also denied the Motion for Summary Judgment.  See Ruling on Motion

for Summary Judgment (Doc. No. 161).  Novo Nordisk has now filed a Second Motion

for Summary Judgment (Doc. No. 145).

## III.    LEGAL STANDARD

A motion for summary judgment may be granted only when the moving party can

establish that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56(a); Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64,

71-72 (2d Cir. 2016).  If the moving party satisfies this burden, the nonmoving party

3

must set forth specific facts demonstrating that there is indeed "a genuine issue for trial."  See Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  See Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).  Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment.  See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).  In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought."  See LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

## IV.    DISCUSSION

### A.    Novo Nordisk Submitted Two Motions for Summary Judgment

Novo Nordisk has filed two motions for summary judgment.  See Motion for Summary Judgment by Novo Nordisk (Doc. Nos. 113 & 145).  The first Motion for Summary Judgment was filed despite a pending Motion for Extension of Time regarding disclosure of an expert witness.  The instant Second Motion for Summary Judgment was filed without leave of this court.

In its Rule 26(f) Scheduling Order, this court is very clear that only one dispositive Motion is allowed to be filed.  See Scheduling Order at 2 (Doc. No. 42) ("Dispositive Motions: Each party to this action may file one (1) dispositive motion . . . no party may file more than one such motion without prior leave of the court.").  Here, counsel for Novo Nordisk submitted two motions regarding summary judgment, and failed to seek leave from this court to do so.

4

Counsel for Novo Nordisk failed to abide by the court's Order.  Therefore, the second Motion for Summary Judgment is denied as duplicative of the first Motion for Summary Judgment and in violation of the Order of this court.

B.      The New Additions are Not Persuasive

Notwithstanding the court's denial, this court will briefly turn to consider the Second Motion for Summary Judgment.  The Second Motion for Summary Judgment is comprised of 46 pages; approximately 40 of those pages appear to the court to be practically identical to the First Motion for Summary Judgment.  The filing of this second Motion for Summary Judgment is a waste of both this court's and opposing counsel's time, inter alia, to ascertain what was newly added.

Furthermore, the Memorandum and supporting documents contain misleading and unsupported statements.  The court highlights a few examples below:[3]

1.      Novo Nordisk's counsel writes: "As Plaintiffs' CEO stated, 'Novo Nordisk is only responsible for the training of the people who showed up at the training session.' "  See Second Mot. S.J. at 23. Counsel cited to Charmel Dep. 70:5-22, Ex. A.  However, upon reading the cited testimony it is striking that counsel did not include the rest of the sentence which stated, "and the question of responsibility, I can't say."  See Charmel Dep. 70:5-22, Ex. A.

2.      Novo Nordisk's counsel writes, regarding the prohibition of sharing insulin pens, that the issue of not sharing pens was conceded by the plaintiffs

---

[3] These are a sampling of a few of the misleading and unsupported statements by Novo Nordisk counsel.  The court spent significant time reviewing and attempting to confirm these statements.  The court will not waste more time cataloguing and describing every single one of them.

and a "fundamental concept of nursing" and "common sense" and something every nurse should know.  See Second Mot. S.J. at 3, 18, 27 (citing Charmel <u>Diaz</u> Dep. 150:16-155:18).  However, a few pages later, in the same deposition, the CEO clearly testified the nurses were not aware of the possibility of contamination in using Novo Nordisk's pen.  <u>Id</u>. at 157:7–8.  Thus, the issue was not "conceded by the plaintiffs."

3.    Novo Nordisk's counsel argued, "It is also undisputed that Plaintiffs played a direct role in the violation of this law, as well as their longstanding policy against sharing medication, as conceded by Plaintiffs' CEO."  <u>See</u> Second Mot. S.J. at 19 (citing Charmel Dep. 34:15-35:1).  However, upon examining the deposition of the CEO, Mr. Charmel, he testified that the hospital is responsible for overseeing the nurses.  <u>See</u> Charmel Dep. 34:15-35:1, Ex. A.  Nowhere is it "undisputed" that Griffin played a direct role in any unlawful action.

4.    Novo Nordisk's counsel, in its 56(a)(2) Statement of Facts, writes "[t]he warnings accompanying the NovoLog® and Levemir® FlexPens®, including on their boxes and in package inserts, were functionally the same for purposes of this lawsuit."  <u>See</u> SOF at ¶ 3 (citing Steenfeldt-Jensen Decl. at ¶¶ 4-6:1., Ex. E).  However, upon examining the Declaration, neither the Declaration nor the separate report referred to therein, addresses either the (1) warnings or (2) the boxes and package inserts.

5.      Novo Nordisk's counsel, in its 56(a)(2) Statement of Facts, writes "[t]he boxes of insulin pens each included two bolded warnings, stating "Warning" and indicating that insulin pens are "for single person use only as shown below." See SOF at ¶ 4 (citing Insulin Pen Box, Ex. F). However, there is no evidentiary support submitted by Novo Nordisk that the picture of the box in the SOF is a picture of the box that was shipped to Griffin, in which the insulin pens in question were delivered, nor that this was the box used during the relevant time period of September 2008 to May 2014.  There is no declaration or any support to authenticate this picture of a box as relevant to any box at issue in this case.

6.       In its 56(a)(2) Statement of Facts, Novo Nordisk's counsel writes, "[a] package insert was provided in each box and training session, as well as being available online and in various medical resources, and it warned that insulin pens must not be shared." See SOF at ¶ 5 (citing Egan Dep. 60:14-61:21, Ex. G; Steenfeldt-Jensen Dec. ¶¶ 4-7, Ex. E; Joseph Dec. ¶ 4-6, Ex. LL).  Upon examining the cited material, none of the cited material supports these asserted facts.

Finally, in regard to the non-repetitive material, the court finds the arguments conclusory and unsupported.[4]  Nothing in these new additions provides any grounds for a grant of summary judgment for Novo Nordisk.

---

[4] For example, Novo Nordisk adds small sections attacking Dr. Goldhaber's testimony, specifically that Dr. Goldhaber served as a defense expert previously in a MDL where he testified on the defense's behalf on collective warnings; thus, his testimony should be excluded under Rule 702.  See Second Mot. S.J. at 18, 24, 29.  These passages simply assert that, in an MDL involving latex gloves, Dr. Goldhaber testified about a "big umbrella defense" on behalf of the defense regarding sufficient warnings. Id.  Novo Nordisk then concludes, with little analysis to the case at hand, that because Dr. Goldhaber is

## V.    CONCLUSION

For the reasons stated above, the court denies Novo Nordisk's Second Motion for Summary Judgment (Doc. No. 145).


**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of July 2026.


      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge

---

testifying for plaintiffs in a seemingly "opposite opinion" arguing that the current warnings were insufficient, his current testimony is results driven and should be excluded. Id. The court has addressed Novo Nordisk's arguments to preclude Dr. Goldhaber's testimony in its Ruling on Novo Nordisk's (Second) Motion to Preclude. See Doc. No. 160. Novo Nordisk's argument here goes to the weight of Dr. Goldhaber's testimony and can be taken up at trial on cross-examination.

Novo Nordisk also argues that Griffin failed to substantiate any of their damage claims. See Second Mot. S.J. at 32. Griffin explains in their Opposition that they have outlined in detail what damages they seek to recover and that they have the burden of proving damages at the time of trial, not at summary judgment. See Pltf's Opp'n at 26.