**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GRIFFIN HEALTH SERVICES CORP., ET AL | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:24-CV-1045 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| NOVO NORDISK INC., | : | JULY 31, 2026 |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO STRIKE EVIDENTIARY REFERENCES TO "INSULIN TRAINING DOCUMENTATION BINDER" (DOC. NO. 156)**

## I.    INTRODUCTION

Defendant Novo Nordisk Inc. ("Novo Nordisk") moves, pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rules of Evidence 901, 801, and 403, to strike the document referred to as the "Insulin Pen Training Documentation Binder" from the record and preclude its use in opposition to the Defendant's renewed Motion for Summary Judgment or otherwise.[1]  See Defendant Novo Nordisk Inc.'s Motion to Strike Evidentiary References to Plaintiffs' Purported "Insulin Pen Training Documentation Binder" ("Mot. to Strike") (Doc. No. 156).  The plaintiffs, Griffin Health Corporation and Griffin Hospital (together "Griffin") cites components of the Binder as Exhibits 9 through 11 in their opposition to Novo Nordisk's renewed Motion for Summary Judgment (Doc. No. 145).  Griffin filed an Objection to the Motion to Strike.  See Plaintiffs' Objection to Defendant's Motion to Strike Evidentiary References to Insulin Pen Training Documentation ("Pltf's Opp'n") (Doc. No. 158).

---

[1] Curiously, Novo Nordisk relied on some of the contents of this Binder in its Motion for Summary Judgment.  See Memorandum in Support of Summary Judgment (Doc. No. 113-1) at 9-12 (citing Exhibit W).

1

For the reasons stated below, the court denies the Motion to Strike (Doc. No. 156).

## II.    BACKGROUND

On June 26, 2026, Novo Nordisk filed a Motion to Strike the "Insulin Training Binder" from the "evidentiary record."  See Pltf's Opp'n at 2.  Novo Nordisk seeks to preclude its use at trial and from consideration in the merits of the renewed Motion for Summary Judgment.  Id.  The binder consists of multiple records including sign in sheets for the training sessions that list the names of training attended training sessions conducted by Novo Nordisk at Griffin Hospital as well as training materials for the sessions.  Id.  Also contained is a checklist competency form as well as a training competency form.  Id.  There is also a newspaper article clipping concerning the incident at issue.  Id.  Both Griffin and Novo Nordisk have used the training sign in sheets that Griffin Hospital maintained from these sessions in their summary judgment motions.  Id.

## III.    LEGAL STANDARD

Local Rule 56(a)(4) of this District provides "Motions to strike (a) statements made in a Rule 56(a) statement or (b) the supporting evidence are prohibited." D. Conn. L. Civ. R. 56(a)(4).  This rule was added to Local Rule 56 in an amendment effective May 4, 2017, and reflects this District's judgment that disputes over the admissibility of summary judgment evidence are properly addressed through argument in the summary judgment briefing itself or, through a motion in limine at trial.  See Pressman v. Purcell, No. 3:17-CV-1918 (JCH), 2019 WL 3890453, at *3 (D. Conn. Aug. 19, 2019) (denying a motion to strike a declaration submitted in support of a Local Rule 56(a)(2) Statement because Local Rule 56(a)(4) "expressly" prohibits such motions).

**IV.    DISCUSSION**

A.    Local Rule 56(a)(4) Bars the Motion to Strike

Novo Nordisk's Motion to Strike is directed at evidence that Griffin filed in its 56(a) statements in its Opposition to the Motion for Summary Judgement.[2]  However, this Motion to Strike was filed six months after Griffin's opposition to Novo Nordisk's first Motion for Summary Judgment and four months after Griffin's opposition to Novo Nordisk's "renewed" Second Motion for Summary Judgment.  Novo Nordisk waited months to attack the evidence used in these oppositions.

In 2017, the U.S. District Court for the District of Connecticut amended Local Rule 56 to modify Local Rule 56(a)(4) to explicitly prohibit motions to strike Rule 56 (a) statements and their supporting evidence. See, Ex. 1, Public Notice (obtained from uscourts.gov).  This change to D. Conn. L. Civ. R. 56 occurred on May 4, 2017.

In their Motion, the defendant failed to make any reference to the current controlling rule.  Instead, Novo Nordisk chose to cite a Newport Elecs. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001) to support the purported applicability of Rule 12 (f).  The Newport Elecs. ruling, a decision from 2001, long predates the 2017 change to the language of the local rule. In 2019, two years after the 2017 revision to the local rule, this court ruled on a Motion to Strike under a Local Rule 56(a)(2) statement and found that Local Rule 56(a)(4) prohibits such motions.  See Pressman v. Purcell, 2019 WL 3890453, at *3.

Novo Nordisk relies on Federal Rule of Civil Procedure 12(f)—a rule that, by its own terms, applies to "pleading[s]," not to summary judgment evidence.  See Fed. R.

---

[2] To the extent Novo Nordisk seeks to object to the admissibility of this evidence at trail, see Mot. to Strike at 8-10, the proper motion would be to preclude, filed as part of pretrial proceedings.

Civ. P. 12(f); Fed. R. Civ. P. 7(a) (defining "pleading").  Therefore, Novo Nordisk's

reliance on Ruler 12(f) provides no basis for its Motion to Strike.

This court denies Novo Nordisk's Motion to Strike under Rule 56(a)(4) as motions

to strike supporting evidence are prohibited.  L. Civ. R. 56(a)(4)(D. Conn.).[3]

## V.    CONCLUSION

In light of the above, the court denies Novo Nordisk's Motion to Strike (Doc. No.

156).

## SO ORDERED.

Dated at New Haven, Connecticut this 31st day of July 2026.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] While this Motion seeks to strike use of certain evidence at trial, it seeks to strike certain evidence relied on as the basis for a 56(a)(2) Statement in opposing summary judgment.  Before issuing its Ruling, see Doc. No. 161, on Novo Nordisk's Motion for Summary Judgment, the court had considered Novo Nordisk's Motion to Strike and determined it was unfounded.  Due to an oversight, it failed to docket its Ruling on the Motion to Strike before the Ruling on the Motion for Summary Judgment.