**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GRIFFIN HEALTH SERVICES CORPORATION D/B/A GRIFFIN HOSPITAL; GRIFFIN HOSPITAL<br><br>*Plaintiffs*,<br><br>v.<br><br>NOVO NORDISK, INC.<br><br>*Defendant*. | Civil Action No. 3:24-cv-01045<br><br>**ORAL ARGUMENT REQUESTED**<br><br>September 14, 2026 |

**DEFENDANT NOVO NORDISK, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO CERTIFY ORDERS FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS**

Defendant Novo Nordisk Inc. ("Novo Nordisk") respectfully submits this reply in further support of its Motion to Certify Orders for Interlocutory Appeal and For Stay of Proceedings.[1]

## I. INTRODUCTION

As demonstrated in its Motion, the questions of whether (1) Connecticut's learned intermediary doctrine extends to nurses and (2) a claim under the Connecticut Product Liability Act ("CPLA") may proceed in the absence of admissible, nonspeculative evidence of damages are well suited for interlocutory review. Although Plaintiffs devote much of their opposition to characterizing these issues as fact-bound, they fail to identify a single precedential decision resolving either question. That silence is telling.

Plaintiffs' argument rests on a fundamental mischaracterization of the issues presented. Novo Nordisk does not seek certification of questions concerning whether the summary judgment

[1] Motion, ECF No. 174.

record contains genuine disputes of material fact. Rather, it seeks review of threshold questions of Connecticut law that determine whether the duties and recoverable-harm theories underlying Plaintiffs' claims are legally cognizable in the first instance. These questions are precisely the type of novel and controlling legal issues for which interlocutory review is appropriate.

As discussed below, Plaintiffs' opposition fails to undermine Novo Nordisk's application of the statutory criteria governing certification of novel legal questions. Accordingly, certification and a stay of proceedings are warranted.

## II. ARGUMENT

### A. The Questions Presented Are Pure Questions of Law Appropriate for Certification Under 28 U.S.C. § 1292(b).

In its Motion, Novo Nordisk demonstrated that the two questions it seeks to certify present threshold legal issues at the foundation of Plaintiffs' claims: (1) whether Connecticut law permits a separate, independent duty to warn or train nonprescribing hospital nurses after adequate warnings have been provided to prescribing physicians, and (2) whether a CPLA plaintiff must produce admissible, nonspeculative evidence that alleged third-party reimbursements actually occurred to establish recoverable "harm."[2]

In opposition, Plaintiffs argue that "Section 1292(b) allows certification only of 'question[s] of law'" and that the Court's summary judgment rulings turned on disputed facts rather than legal questions, relying on *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir. 1991). Notably, *Harriscom* analyzes the propriety of a Rule 54 certification of dismissal, not an interlocutory appeal on questions of law under 28 U.S.C. § 1292(b). And the *Harriscom* court acknowledged that, where a ruling "involved only the legal effect of [the relevant policy], it would have been open to the district court to authorize [the party] to petition for an immediate appeal."

[2] ECF No. 174 at 1–2.

*Id.* at 631. Such is the case here: the fact that the Court's rulings arose at the summary judgment stage does not transform the underlying legal questions into fact questions, as outlined below.

***1. Learned Intermediary Doctrine under Conn. Gen. Stat. § 52-572q(d)***

The first question—whether the CPLA imposes a separate, independent duty to warn or train nonprescribing nurses after adequate warnings to physicians—is a question of statutory construction under Conn. Gen. Stat. § 52-572q(d). It asks what the statute requires as a matter of law, not what the facts show about any particular warning here. That question can be resolved by analyzing the text of § 52-572q(d), the learned intermediary doctrine as articulated in *Vitanza v. Upjohn Co.*, 257 Conn. 365, 382 (2001), and the Connecticut Supreme Court's subsequent guidance in *Izzarelli v. R.J. Reynolds Tobacco Co.*, 321 Conn. 172 (2016).

Further, Plaintiffs rely on *McGreevy v. Digital Currency Grp., Inc.*, No. 3:23-CV-00082 (SRU), 2026 WL 1906587, at *2 (D. Conn. July 2, 2026) for the proposition that questions of law are those where the reviewing court could "decide it quickly and cleanly without having to study the record."[3] *Id.* (granting interlocutory appeal). *McGreevy* actually supports certification here, as it clarified that "[i]f a district judge engages in statutory interpretation based on the pleadings and without a factual record, then that question is more likely one of pure law and is better suited to certification for interlocutory appeal." *Id.* at *2.

Here, the Second Circuit would not need to reweigh the summary judgment record to decide whether Connecticut law recognizes the extension of a manufacturer's warning obligations beyond the prescribing physician. Rather, the question at issue—whether Connecticut law recognizes such an extension of a manufacturer's duty under § 52-572q(d)—is a pure question of law and appropriate for certification.

---

[3] ECF No. 176 at 6.

### *2. Recoverable Damages under Conn. Gen. Stat. § 52-572m(d)*

The second question—whether the CPLA requires admissible, nonspeculative evidence that alleged third-party reimbursements actually occurred to establish recoverable "harm" under Conn. Gen. Stat. § 52-572m(d)—is similarly a question of statutory interpretation. This question asks what the statute means by the requisite "harm." This is a purely legal question that the Second Circuit can resolve without reweighing the evidentiary record. Just as in *McGreevy*, the question is not whether the summary judgment record contains sufficient evidence but whether the legal standard under the CPLA permits a plaintiff to survive summary judgment on generalized estimates alone. The damages question does not ask whether genuinely disputed facts exist; it asks whether the type of evidence Plaintiffs rely upon—here, a mere outline of the types of damages Plaintiffs could have incurred—is legally sufficient as a matter of Connecticut statutory law. That is a question of law appropriate for certification. *See Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) ("When a ruling satisfies these criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal.").

For these reasons, certification is warranted as to both questions of law.

### B. Both Questions Are Controlling and an Immediate Appeal Would Materially Advance This Litigation.

In its Motion, Novo Nordisk demonstrated that reversal on either question could terminate the action or, at minimum, materially reshape the claims proceeding to trial.[4]

In opposition, Plaintiffs argue that neither question is controlling because the case could proceed to trial even if the Second Circuit ruled in Novo Nordisk's favor.[5] This argument understates the impact of the certified questions.

[4] ECF No. 174 at 5–8, 11–15.
[5] ECF No. 176 at 12–13.

Here, trial would either be obviated completely or substantially altered by the Second Circuit's assessment of these questions, which ultimately could impact numerous CPLA cases. This warrants certification. *E.g.*, *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-cv-6784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (holding a question of law may be controlling if reversal of the district court's order "could significantly affect the conduct of the action" or if "the certified issue has precedential value for a large number of cases.").

***1. Learned Intermediary Doctrine under Conn. Gen. Stat. § 52-572q(d)***

The Court's own ruling confirms that its denial of summary judgment on multiple theories—including design defect, failure to warn, negligence, breach of implied warranty, and punitive damages—was materially tied to alleged failures to warn or train nonprescribing nurses.[6] If the Second Circuit holds that Connecticut law does not impose a separate duty to nonprescribing nurses, the principal basis supporting those theories would disappear.

Certification of this question thus could terminate the entire litigation, a factor weighed heavily in favor of interlocutory appeal under 28 U.S.C. § 1292(b). *Kinkead v. Humana, Inc.*, No. 3:15-CV-01637(JAM), 2016 WL 9453808, at *2 (D. Conn. Oct. 13, 2016) ("If the Second Circuit were to reverse my order on interlocutory appeal, the litigation would be terminated... And if the Second Circuit were to uphold my order, the parties would be spared an appeal on this central issue at the conclusion of the district court proceedings."). The question is therefore controlling. *Id.* (certifying interlocutory appeal).

***2. Recoverable Damages under Conn. Gen. Stat. § 52-572m(d)***

Plaintiffs do not dispute that damages are an essential element of every claim they assert. If the Second Circuit were to find that the CPLA requires admissible, nonspeculative proof of

[6] ECF No. 174 at 5–7.

actual reimbursements and Plaintiffs cannot meet that standard, then all claims fail regardless of the duty-to-warn question. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Given that the Second Circuit's interpretation of "harm" under Conn. Gen. Stat. § 52-572m(d) would undercut each of Plaintiffs' claims, this question is controlling. *See Vaughn v. Consumer Home Mortg. Co.*, 297 F. App'x 23, 27 (2d Cir. 2008) ("In light of [Plaintiffs'] failure to produce any evidence of damages, summary judgment in favor of [Defendant] was proper."); *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[A] question of law is controlling if reversal of the district court's order would terminate the action.").

For these reasons, certification is warranted as to both questions of law.

**C. Substantial Grounds for Difference of Opinion Exist**

In its Motion, Novo Nordisk demonstrated that both questions present issues of first impression in the Second Circuit and under Connecticut law.[7]

In opposition, Plaintiffs argue that novelty alone is insufficient. While it is true that novelty alone does not automatically establish "substantial ground for difference of opinion," courts routinely certify questions of first impression when, as here, the legal framework leaves room for divergent conclusions.

Here, the ground for disagreement is not merely that courts have not addressed the precise application of the CPLA to the learned intermediary and recoverable damages questions; it is that both questions reflect "emerging divergence among district courts, the lack of authoritative

[7] ECF No. 174 at 8–10, 12–14.

guidance from the Second Circuit, and the apparent novelty of the question." *Kinkead v. Humana, Inc.*, No. 3:15-CV-01637(JAM), 2016 WL 9453808, at *3 (D. Conn. Oct. 13, 2016) (certifying interlocutory appeal).

***1. Learned Intermediary Doctrine under Conn. Gen. Stat. § 52-572q(d)***

The potential for disagreement on the first question is not only that the Connecticut courts have not addressed the precise application. It is that the existing legal framework—the learned intermediary doctrine as articulated in *Vitanza* and the post-*Potter* jurisprudence reflected in *Izzarelli*—does not resolve whether a separate duty to nonprescribing nurses exists. The Court's ruling extends § 52-572q(d) beyond the physician-centered framework that Connecticut courts have consistently applied. Whether that extension is permissible is precisely the type of question on which reasonable jurists can and do disagree. *See Mazur v. Merck & Co.*, 964 F.2d 1348, 1357 (3d Cir. 1992) (holding that the learned intermediary doctrine does not extend to nurses because they "are not capable of providing the degree of individualized medical judgment rendered by physicians").

Plaintiffs attempt to turn *Mazur* to their advantage, arguing that if nurses are not learned intermediaries, then a manufacturer owes a separate duty to warn them where the manufacturer knew nurses would be the ones using the prescription drug or device.[8] Plaintiffs offer no support for this position. Additionally, *Mazur* reached the opposite conclusion—it affirmed summary judgment for the manufacturer, holding that the manufacturer discharged its duty by warning the prescribing physician. 964 F.2d at 1355–57. Far from creating a new duty, *Mazur* held that excluding nurses from the class of learned intermediaries meant the manufacturer's duty was satisfied by warning the physician—not that a parallel duty to nurses arose. Plaintiffs' reading of

[8] ECF No. 176 at 14.

*Mazur* thus illustrates, rather than refutes, the substantial ground for disagreement. *See also Vitanza v. Upjohn Co.*, 271 F.3d 89 (2d Cir. 2001) (applying the physician-centered framework under the CPLA and granting summary judgment for the manufacturer even where warnings never ultimately reached the end user of the drug, because the prescribing physician had been warned).

***2. Recoverable Damages under Conn. Gen. Stat. § 52-572m(d)***

Substantial ground for disagreement also exists as to the second question. The CPLA defines "harm" to include "damage to property, including the product itself and personal injuries including wrongful death," while explicitly noting that "harm does not include commercial loss." Conn. Gen. Stat. § 52-572m(d). But neither the Connecticut Supreme Court nor the Second Circuit has addressed what the statute requires to establish that a plaintiff actually incurred the third-party reimbursement costs it claims.

Plaintiffs' position—that a pre-discovery estimate and the vague testimony of Griffin Hospital's CEO that the amount was "more than de minimis, but . . . not an exorbitant amount of money" is sufficient—stands in tension with the well-established principle that speculative damages cannot sustain a claim. *See Bronson & Townsend Co. v. Battistoni*, 167 Conn. 321, 326–27 (1974) ("The court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount."); *CAS Constr. Co. v. Town of E. Hartford*, 82 Conn. App. 543, 557 (2004) ("Speculative evidence is not sufficient evidence for the trier to make a fair and reasonable estimate of the plaintiff's damages.").

Whether the CPLA's "harm" element can be established without admissible, nonspeculative proof of actual reimbursements is a question on which reasonable jurists could reach different conclusions, particularly given the absence of Connecticut authority on point and

the disclosure obligations imposed by Fed. R. Civ. P. 26(a)(1)(A)(iii). *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–99 (2d Cir. 2006) (applying Rule 37(c)(1) to untimely damages evidence). This disagreement satisfies the "substantial ground" factor.

For these reasons, certification is warranted as to both questions of law.

**D. A Stay of Proceedings Is Warranted**

In its Motion, Novo Nordisk demonstrated that all four factors governing a stay pending appeal weigh in its favor. *See Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (granting stay where continuation of trial with a case-dispositive issue pending on appeal could render trial "a nullity").

In opposition, Plaintiffs argue that the only harm Novo Nordisk identifies is the possibility of duplicative trial preparation, which they characterize as costs that "[e]very litigant bears," and that Plaintiffs will be prejudiced by further delay given that the events at issue occurred between 2008 and 2014. As outlined below, these arguments fail, and a stay of proceedings is warranted.

First, the prejudice to Novo Nordisk is not ordinary litigation expense—it is the risk that the parties and the Court may expend substantial resources on a full trial only to have the legal framework upended on appeal. *E.g.*, *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) ("[I]f [the movant] shows 'serious questions' going to the merits of its appeal as well as irreparable harm, the stay may be granted."). Here, no trial date has been set, and the numerous upcoming pretrial deadlines could prove entirely unnecessary if the Second Circuit rules in Novo Nordisk's favor, warranting a stay.

Second, Plaintiffs' argument that witnesses' memories may fade based on a stay fails. This argument is particularly unpersuasive because it was Plaintiffs who waited until 2024 to file suit in connection with events that occurred between 2008 and 2014. Plaintiffs also sought and obtained

throughout this litigation, which undercuts any claim that immediate resolution has suddenly become imperative. Weighed against Plaintiffs' delays, a brief stay pending appeal is negligible. And regardless, any marginal delay associated with appellate review is outweighed by the substantial judicial and party resources that could be conserved by obtaining definitive guidance on the threshold legal questions before the case proceeds to trial.

Accordingly, a stay of proceedings is warranted.

## III. CONCLUSION

For all of the foregoing reasons, Novo Nordisk respectfully requests that this Court grant the Motion to Certify Orders for Interlocutory Appeal and stay the case pending the outcome of that appeal.

Respectfully submitted,

*/s/ Matthew J. Letten*

Matthew J. Letten (ct31121)
DAY PITNEY LLP
225 Asylum Street
Hartford, CT 06103
(860) 275-0565 (telephone)
(860) 331-8931 (facsimile)
mletten@daypitney.com

Lesley P. Chuang, ct29468
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000 (telephone)
(617) 406-6100 (facsimile)
lesley.chuang@us.dlapiper.com

Christopher G. Campbell, *pro hac vice*
Sarah M. Carrier, *pro hac vice*
DLA PIPER LLP (US)
1201 West Peachtree St. NW
Suite 2800
Atlanta, GA 30309-3450

(404) 736-7800 (telephone)
(404) 682-7800 (facsimile)
christopher.campbell@us.dlapiper.com
sarah.carrier@us.dlapiper.com

*Attorneys for Defendant Novo Nordisk Inc.*