**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GRIFFIN HEALTH SERVICES CORPORATION D/B/A GRIFFIN HOSPITAL; GRIFFIN HOSPITAL<br><br>Plaintiffs,<br><br>vs.<br><br>NOVO NORDISK, INC.<br><br>Defendant. | Civil Action No.: 3:24-CV-01045-JCH |

**JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES SET BY THE SCHEDULING AND PRETRIAL ORDER (ECF NO. 42)**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7(b), Plaintiffs Griffin Health Services Corporation d/b/a Griffin Hospital and Griffin Hospital ("Plaintiffs") and Defendant Novo Nordisk Inc. ("Defendant") jointly move for an extension of ninety (90) days to comply with the remaining pre-trial deadlines set forth in the Scheduling Order and Pretrial Order (ECF No. 42). Good cause for this request is set forth below, and neither party will be prejudiced by the granting of this extension. A trial date has not yet been set. This Motion is filed more than three (3) business days before the applicable deadlines and is thus timely under L. Civ. R. 7(b). This is Plaintiffs' second request for an extension of the pre-trial deadlines.[1]

## INTRODUCTION

The Parties jointly request a ninety (90) day extension of the remaining pre-trial deadlines to allow them to focus their efforts on their upcoming settlement conference and potential resolution of this matter. The Parties are scheduled to participate in the settlement conference on

[1] Plaintiffs previously filed a motion for extension of time [ECF No. 168] on August 10, 2026, seeking sixty (60) days of additional time on behalf of Plaintiffs alone. The present Motion is brought jointly as both parties believe that granting additional time may help facilitate a resolution of this matter.

September 29, 2026, before the Honorable Judge Vatti, and both sides believe that concentrating their efforts on good faith efforts at resolution at this time—with a limited extension of their joint trial memorandum, exchange of trial exhibits, preparation of witness and exhibit lists, proposed jury instructions, and other deadlines—will best serve the interests of judicial economy and the Parties' mutual desire to explore resolution. The Parties therefore seek this extension to provide adequate time for the settlement conference process to conclude and, if necessary, to complete the required pre-trial preparations thereafter.

**ARGUMENT**

Good cause exists to extend the pre-trial deadlines, as jointly requested by the Parties. L. Civ. R. 7(b)(1) requires "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." The Second Circuit has emphasized that this "finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Lopez v. Burris Logistics Co.*, No. *3:12-CV-1039* (CSH), 2013 U.S. Dist. LEXIS 159133, at *9 (D. Conn. Nov. 6, 2013) ("[T]he Court may examine the totality of circumstances to determine whether good cause exists for an extension.").

Here, good cause exists for several reasons. First, the Parties have scheduled an in-person settlement conference for September 29, 2026, and both sides believe that concentrating resources on potential resolution best serves the interests of the Parties and judicial economy. Courts routinely grant extensions where it is in both parties' interest and where trial has not yet been set. *See, e.g.*, *Brady v. Bickford*, 179 Conn. App. 776, 789, 183 A.3d 27, 36 (2018) (affirming modification of scheduling order where "the case was not yet scheduled for trial and granting it did not disrupt the court's docket."); *Bronner v. Unum Life Ins. Co. of America*, No. C 03-05742

JF (RS), 2008 U.S. Dist. LEXIS 99962, 2008 WL 4951031, at *2 (N.D.Cal. Nov. 18, 2008) (granting extension that would be "in the continued interest of reaching a resolution").

Second, there are several pending motions that bear on the scope and nature of trial, including Defendant's Motion for Reconsideration [ECF No. 166] and Motion for Leave to Appeal and to Certify Orders for Interlocutory Appeal and for Stay of Proceedings [ECF No. 174]. Until these motions are resolved, there remains uncertainty as to the claims and issues that will proceed to trial, which directly affects the Parties' ability to meaningfully prepare the joint trial memorandum, exhibit lists, and other pre-trial materials. *See In re Am. Express Fin. Advisors Secs. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (the "ultimate determination depends upon a careful review of 'all relevant circumstances'").

Third, there is no prejudice to either party. This is a joint motion, and both Plaintiffs and Defendant are aligned in requesting this extension. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382, 113 S. Ct. 1489, 1491 (1993) (affirming delayed filing based on "the undisputed lack of any prejudice to the [nonmovant] or to the interests of efficient judicial administration"). No trial date has been set, and granting this extension will not disrupt the Court's docket. *See Galen Institute, LLC v. Comta*., 2004 WL 360377, at *4 (D. Conn. Feb. 25, 2004) ("in the interests of justice" the Court permitted additional time because "[a]lthough Plaintiffs ha[d] suffered some delay, they ha[d] not demonstrated any resulting prejudice").

Fourth, the Parties have been diligent in prosecuting this case. Both sides have actively participated in discovery, briefed multiple rounds of dispositive motions, and engaged with the Court's scheduling requirements. This request is not the product of inaction or delay, but rather reflects the Parties' shared judgment that an extension to allow for productive settlement discussion and potential resolution is the most efficient path forward. *See Parker v. Columbia*

*Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) ("The rule provides[,] that in certain cases the court may determine that the deadline cannot reasonably be met despite the diligence of the party seeking the extension… In such cases, where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline.").

**PROPOSED SCHEDULE**

For the foregoing reasons, the Parties request the Court enter an order extending the remaining pre-trial deadlines by ninety (90) days, as follows:

1. Trial exhibits shall be exchanged by **January 14, 2027**;
2. The joint trial memorandum shall be filed by **January 21, 2027**;
3. Motions in limine shall be filed by **January 21, 2027**.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court grant this Joint Motion and extend the remaining pre-trial deadlines by ninety (90) days, as set forth above.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Matthew J. Letten*
Matthew J. Letten (ct31121)
DAY PITNEY LLP
225 Asylum Street
Hartford, CT 06103
(860) 275-0565 (telephone)
(860) 331-8931 (facsimile)
mletten@daypitney.com

Lesley P. Chuang, ct29468
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000 (telephone)
(617) 406-6100 (facsimile)
lesley.chuang@us.dlapiper.com
Christopher G. Campbell, pro hac vice
Sarah M. Carrier, pro hac vice

*/s/ Matthew Sconziano*
David J. Robertson (CT 03674)
Matthew M. Sconziano (CT 20899)
David A. Dayya (CT 03674)
Heidell, Pittoni, Murphy & Bach, LLP
6 Corporate Drive, Ste 840
Shelton, CT 06484
Tel.: 203.382.9700
Fax.: 203.382.9730
drobertson@hpmb.com
msconziano@hpmb.com
ddayya@hpmb.com

*Attorneys for Plaintiffs Griffin Health Services Corporation and Griffin Hospital*

DLA PIPER LLP (US)
1201 West Peachtree St. NW, Suite 2800
Atlanta, GA 30309-3450
(404) 736-7800 (telephone)
(404) 682-7800 (facsimile)
christopher.campbell@us.dlapiper.com
sarah.carrier@us.dlapiper.com

*Attorneys for Defendant Novo Nordisk Inc.*